#606 7709

ORIGINAL

FILED
FEB 25 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**FEDERAL AIR MARSHALS 1806 to 1833 on behalf of themselves and all others similarly situated,**

**Plaintiffs,**

**v.**

**UNITED STATES,**

**Defendant.**

08-105 C

**COMPLAINT**

Plaintiffs, by their undersigned attorney, for their Complaint against the United States, state as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. This is a claim for back pay and other relief against the United States upon the Constitution, certain acts of Congress, regulations of the Federal Aviation Administration, implied contracts with the United States, and for damages against the United States in a case not sounding in tort.

2. Jurisdiction and venue are properly grounded in this Court under the Tucker Act, 28 U.S.C. § 1491(a)(1).

3. Plaintiffs are and have been employed by defendant as Federal Air Marshals. Plaintiffs file this action as a "John Doe" complaint since public disclosure of their names may compromise national security or endanger their personal safety. In addition, plaintiffs file this complaint anonymously because numerous Federal Air Marshals have been threatened with retaliation if they prosecute an action seeking compensation to which they are lawfully entitled.

4. Plaintiffs, Federal Air Marshals 1806 to 1833, have been employed by the Transportation Security Administration (TSA), a division of the Department of Homeland Security, and work or have worked out of one of the field offices throughout the United States.

5. At all times relevant hereto, defendant has required plaintiffs and all other Federal Air Marshals to work substantially in excess of forty hours per week during most weeks of their employment, for which plaintiffs and other Federal Air Marshals have not been compensated as required by law.

6. Defendant has knowingly suffered plaintiffs and other Federal Air Marshals to work substantially more than forty hours per week during most weeks of their employment, for which plaintiffs and other Federal Air Marshals have not been compensated as required by law.

7. At all times relevant hereto, the defendant has regularly scheduled plaintiffs and the other Federal Air Marshals to work in excess of 40 hours per week, and plaintiffs and other Federal Air Marshals have normally worked such scheduled hours, including hours in excess of forty per week.

8. In addition to all scheduled hours (including scheduled hours in excess of forty during a week), the defendant has ordered and required plaintiffs and other Federal Air Marshals to perform administrative and other related duties which have been reasonably known, anticipated, ordered and required by defendant at the time of making work schedules for plaintiffs and other Federal Air Marshals. However, defendant failed to include time known by defendant to be necessary to perform such duties in the scheduled work weeks of the plaintiffs and other Federal Air Marshals. Plaintiffs and other Federal Air Marshals have performed such work and defendant has suffered such work to have been performed during weeks in which plaintiffs and

class members have otherwise been scheduled to work and have worked more than forty hours in such weeks, but defendant has failed to pay compensation as required by law for such time in excess of forty hours actually worked by plaintiffs and other Federal Air Marshals.

9. Plaintiffs and other Federal Air Marshals are under the defendant's direction and control from the time that they arrive on the premises of an airport until the time they leave the premises of an airport, and during all such times, plaintiffs and other Federal Air Marshals are performing work for and are acting at the order and direction of the defendant. Such work has been reasonably known, anticipated, ordered and required by the defendant at the time of making work schedules for plaintiffs and class members, but the defendant has knowingly and intentionally failed to include in the scheduled work weeks of the plaintiffs and other Federal Air Marshals all of the time necessary to perform such work being performed by plaintiffs and other Federal Air Marshals while on the premises of airports where plaintiffs and other Federal Air Marshals have been assigned to work. Plaintiffs and other Federal Air Marshals have performed such work during weeks in which plaintiffs and class members have otherwise been scheduled to work and have worked more than forty hours, and defendant has suffered such work (in excess of forty hours) to be done, but defendant has failed to pay compensation to plaintiffs and other Federal Air Marshals as required by law for such time actually worked by them.

10. In addition to all hours for which plaintiffs and other Federal Air Marshals have been scheduled to work (including scheduled hours in excess of forty during a week) and in addition to all of the above-described hours for which plaintiffs and class members were ordered to perform administrative work and work on the premises of airports, plaintiffs and other Federal Air Marshals are and have been generally and reasonably accessible to perform unscheduled duty

in connection with unanticipated and unscheduled delays in airline flight arrivals and departures.

11. Federal Air Marshals have worked well in excess of 50 hours per week during many weeks in the relevant time period.

**COUNT I**

12. Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1 to 11 as paragraph 12 of Count I.

13. The claim in this Count I is for backpay, liquidated damages and other relief for defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201 *et seq.* (referenced herein as the "FLSA").

14. The claim in this Count I is brought by the named plaintiffs as a collective action on behalf of themselves and on behalf of all persons who are and/or were employed by defendant as Federal Air Marshals at any time within the applicable statute of limitations and who consent to participate in this action by filing of a written consent with this Court pursuant to 29 U.S.C. §216(b).

15. The claim in this Count I should be allowed to be maintained as a collective action in that: (1) there are questions of law or fact common to thousands of other Federal Air Marshals who might consent to participate; (2) the claims of the named plaintiffs are typical of the claims of other Federal Air Marshals who might consent to participate; and (3) the named plaintiffs will fairly and adequately protect the interests of other Federal Air Marshals who might consent to participate. In addition, the prosecution of separate actions by individual Federal Air Marshals would create a risk of inconsistent or varying adjudications with respect to Federal Air Marshals which would establish incompatible standards of conduct for the defendant; the defendant has

acted on grounds generally applicable to all Federal Air Marshals, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all Federal Air Marshals; the questions of law and fact common to all Federal Air Marshals predominate over any questions affecting only individuals; and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy herein.

16. At all times relevant hereto, defendant has been an "employer" of plaintiffs and all other Federal Air Marshals within the meaning of the FLSA, 29 U.S.C. §203.

17. At all times relevant hereto, plaintiffs and all other Federal Air Marshals have been "employees" of defendant within the meaning the FLSA, 29 U.S.C. §203.

18. During numerous weeks during the period relevant hereto, plaintiffs and all other Federal Air Marshals have worked more than forty hours during such weeks; defendant has allowed and suffered plaintiffs and other Federal Air Marshals to work in excess of forty hours during such weeks; but defendant has not paid the hourly overtime premium required by the FLSA for such hours worked in excess of forty during such weeks.

19. By reason of the foregoing, defendant has failed to pay overtime compensation due to plaintiffs and other Federal Air Marshals under the FLSA, 29 U.S.C. §207, for hours worked in excess of forty hours during a week during the applicable limitations period, and defendant has thereby violated the overtime provisions of the FLSA, 29 U.S.C. §§207 and 215.

WHEREFORE, plaintiffs pray that this Court enter judgment in favor of plaintiffs and all other Federal Air Marshals who consent to participate in this action and against defendant, and that this Court:

A. Allow the claim in this Count to proceed as a collective action pursuant to 29 U.S.C.

§216(b);

B. Declare that plaintiffs and all other Federal Air Marshals who consent to join in this action are non-exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and that defendant has been and continues to be in violation of said provisions by failing to pay overtime compensation as required by the FLSA to plaintiffs and all other Federal Air Marshals who consent to participate in this action for hours worked in excess of forty during a week;

C. Order defendant to account to plaintiffs and all other Federal Air Marshals who consent to participate in this action for all hours worked in excess of forty during any week within the relevant period of limitations;

D. Award to plaintiffs and all other Federal Air Marshals who consent to participate in this action backpay for all hours worked in excess of forty during any week within the relevant period of limitations in amounts required by the FLSA;

E. Award to plaintiffs and all other Federal Air Marshals who consent to participate in this action liquidated damages in an additional amount equal to backpay for all hours worked in excess of forty during any week within the relevant period of limitations;

F. Award to plaintiffs and all other Federal Air Marshals who consent to participate in this action such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of defendant;

G. Enjoin defendant from failing to pay overtime compensation pursuant to the FLSA, 29 U.S.C. §207, to plaintiffs and such other Federal Air Marshals who consent to participate in this action who are, at the time of judgment, employed by defendant as Federal Air Marshals;

H. Award pre-judgment interest to plaintiffs and to such other Federal Air Marshals who consent to participate in this action;

I. Award to plaintiffs and to such other Federal Air Marshals who consent to participate in this action their costs of suit;

J. Award to plaintiffs and to such other Federal Air Marshals who consent to participate in this action reasonable attorneys' fees and expenses; and

K. Grant such other and further relief as this Court deems to be appropriate and just.

## COUNT II

20. Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1 to 19 of Count I, and, pleading alternatively and cumulatively, state as follows for their Count II.

21. Defendant's above-described violations of the FLSA have been willful.

WHEREFORE, plaintiffs pray that this Court enter judgment in favor of plaintiffs and all other Federal Air Marshals who consent to participate in this action and against defendant, and that this Court:

A. Allow the claim in this Count to proceed as a collective action pursuant to 29 U.S.C. §216(b);

B. Declare that plaintiffs and all other Federal Air Marshals who consent to join in this action are non-exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and that defendant has been and continues to be in violation of said provisions by failing to pay overtime compensation as required by the FLSA to plaintiffs and all other Federal Air Marshals who consent to participate in this action for hours worked in excess of forty during a week;

C. Order defendant to account to plaintiffs and all other Federal Air Marshals who consent to participate in this action for all hours worked in excess of forty during any week within the relevant period of limitations;

D. Award to plaintiffs and all other Federal Air Marshals who consent to participate in this action backpay for all hours worked in excess of forty during any week within the relevant period of limitations in amounts required by the FLSA;

E. Award to plaintiffs and all other Federal Air Marshals who consent to participate in this action liquidated damages in an additional amount equal to backpay for all hours worked in excess of forty during any week within the relevant period of limitations;

F. Award to plaintiffs and all other Federal Air Marshals who consent to participate in this action such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of defendant;

G. Enjoin defendant from failing to pay overtime compensation pursuant to the FLSA, 29 U.S.C. §207, to plaintiffs and such other Federal Air Marshals who consent to participate in this action who are, at the time of judgment, employed by defendant as Federal Air

Marshals;

H. Award pre-judgment interest to plaintiffs and to such other Federal Air Marshals who consent to participate in this action;

I. Award to plaintiffs and to such other Federal Air Marshals who consent to participate in this action their costs of suit;

J. Award to plaintiffs and to such other Federal Air Marshals who consent to participate in this action reasonable attorneys' fees and expenses; and

K. Grant such other and further relief as this Court deems to be appropriate and just.

Respectfully submitted,

Stephen G. Seliger, Attorney for Plaintiffs

Stephen G. Seliger
155 North Michigan Avenue
Chicago, Illinois 60601
(312) 616-4244
(312) 565-7289 (telefax)

Of Counsel:

Joel M. Hellman
155 N. Michigan Ave.
Chicago, Illinois 60601
(312) 616-3436
(312) 565-7289 (telefax)

James G. Bradkte
Soule, Bradtke & Lambert
155 North Michigan Avenue
Chicago, Illinois 60601
(312) 616-4422
(312) 616-4423 (telefax)

February 20, 2008