IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FEDERAL AIR MARSHALS (FAM) 1, ET AL., Plaintiffs, | ) | No. 08-105C |
| v. | ) | (Judge Futey) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in the first sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 3 that public disclosure of the names of Federal Air Marshals may compromise national security or endanger their personal safety; denies the remaining allegations contained in the second sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations

contained in the third sentence of paragraph 3 that numerous Federal Air Marshals have been threatened with retaliation if they prosecute an action seeking compensation to which they are lawfully entitled; denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Denies the allegations contained in the first and second sentences of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations

contained in the third sentence of paragraph 8 constitutes plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Denies the allegations contained in the first and second sentences of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 9 constitutes plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. The allegations contained in paragraph 11 constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Defendant incorporates by reference its responses to paragraphs 1 through 11 of the complaint.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the "WHEREFORE"

paragraph immediately following paragraph 19, or to any relief whatsoever.

20. Defendant incorporates by reference its responses to paragraphs 1 through 19 of the complaint.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph immediately following paragraph 21, or to any relief whatsoever.

22. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

23. Plaintiffs' claims are barred, in whole or in part, by the doctrine of payment.

24. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations set forth at 29 U.S.C. § 255(a).

25. Plaintiffs' claims are barred, in whole or in part, by the interaction of 29 U.S.C. § 213(b)(30), 5 U.S.C. § 5545a, 5 U.S.C.A. § 8331(3)(E)(ii) (West Supp. 2006), 5 C.F.R. § 550.182(e), and 5 C.F.R. § 550.186(c).

26. Plaintiffs' claims are barred, in whole or in part, by the personnel management systems and pay policies that governed their employment.

27. Plaintiffs' claims are barred, in whole or in part, because Federal Air Marshals receive "Law Enforcement Availability Pay" pursuant to the rules set forth at 5 U.S.C. § 5545a.

28. Plaintiffs are not entitled to liquidated damages because, pursuant to 29 U.S.C. § 260(a), the acts or omissions giving rise to this action were in good faith and defendant had reasonable grounds for believing that those acts or omissions were not a violation of the Fair Labor Standards Act of 1938, as amended.

29. To the extent that defendant is held liable for any unpaid overtime, such amounts should be calculated in accordance with 29 C.F.R. § 778.114.

30. Plaintiffs fail to state a claim upon which relief can be granted.

31. Plaintiffs' claims are offset by the value of any availability, overtime, or premium pay, and any associated retirement credit, life insurance benefits, or severance pay paid or credited to plaintiffs pursuant to statutory authority other than 29 U.S.C. §§ 207 and 215, including 5 U.S.C. § 5545a, 5 U.S.C.A. § 8331(3)(E)(ii) (West Supp. 2006), and 49 U.S.C.A.

§ 40122(g)(1) (West Supp. 2006), or by the personnel management systems and pay policies that governed their employment.

32. Plaintiffs' claims are barred, in whole or in part, by 29 U.S.C. § 207(k).

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
JANESSA GRADY FLEMING
Senior Counsel, Litigation
Office of the Chief Counsel
Transportation Security
Administration
Arlington, VA

April 21, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 21, 2008, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail